108 F.3d 337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lillian GORELIK, Plaintiff-Appellant,
v.
WORKERS COMPENSATION APPEALS BOARD OF the STATE OF
CALIFORNIA; NI Industries, Inc.; Masco;
California Casualty Indemnity Exchange,
Defendants-Appellees.
 No. 96-55530.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 18, 1997.*
Decided Feb. 20, 1997.
 
 Before: ALARCN, CANBY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lillian Gorelik appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal of her action alleging that the defendants conspired to deprive her of worker's compensation benefits. We have jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 
 3
 The only possible basis for subject matter jurisdiction cited by Gorelik in her first amended complaint is 42 U.S.C. § 1985.[1] Gorelik's first amended complaint, however, is devoid of specific facts showing a conspiracy. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir.1989) (holding that a mere allegation of conspiracy without factual specificity is insufficient to state a claim under section 1985). Moreover, Gorelik's first amended complaint fails to allege facts showing "some racial, or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators' action." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). Accordingly, the district court did not err by dismissing Gorelik's action.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Gorelik also cited to 18 U.S.C. §§ 370, 371, 1001 and 28 U.S.C. §§ 1343 and 2680 as bases for her action. Gorelik, however, cites no authority, nor are we aware of any, as support for the proposition that any of these sections provide a private cause of action
 
 
 [2]
 Gorelik's motions, styled as motions for leave to supplement the record, for production of transcripts at government expense, and for enforcement of final orders are denied